Dorsett, administrator, *v.* Brown *et al.*, administrators.

In so far as unpaid tax executions belong to the tax-collector after his term of office expires, they are subject to the equities existing

between him and the tax-payer resulting from the true state of their accounts with each other; and such collector, or his administrator after his death, may in a proper case be perpetually enjoined from enforcing them, neither the State nor the county being a party to the litigation, and no injunction being sought against them or either of them.

November 4, 1889.

Injunction.    Taxes.    Officers.    Equity.    Parties. Before Judge RICHARD H. CLARK.    Douglas superior court.    January term, 1889.

Reported in the decision.

THOMAS W. LATHAM, by brief, for plaintiff in error. J. S. JAMES, *contra.*

BLECKLEY, Chief Justice.

Glover, being tax-collector of Douglas county, issued officially, against Whitley, two executions for taxes, one for each of the years 1875 and 1876. After his term of office expired, Glover died. His administrator caused these executions to be levied upon the property of Whitley, who filed a bill to enjoin their collection, setting up certain matters of account between himself and Glover, and certain alleged stipulations on the part of Glover, as amounting to a virtual payment of the taxes for the years in question. At the trial the main question was whether these matters would bar the collection of the tax executions. The court, in charging the jury, virtually held in the affirmative, and a verdict was rendered in favor of enjoining the executions perpetually. Neither the State nor the county was a party to this litigation, and consequently the right to obstruct the collection of these taxes in behalf of the public was not directly in question. We think that any proceeding to collect them for the benefit of the public should not have been conducted by Glover's administrator, but by the officers of the county, either the tax-collector who succeeded Glover, or the sheriff. As

against any right which the administrator of Glover had to enforce their collection, the matters of account in favor of Whitley against Glover were available. Numerous errors are complained of as having been committed by the court in the progress of the trial, but we discover none of sufficient importance to vitiate the result. We are not to be understood as approving each and every ruling of the court, but merely as holding that there was no error in refusing to grant a new trial.

*Judgment affirmed.* .